# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 21-1238V
UNPUBLISHED

| | |
|---|---|
| TINA MICHELLE GRUBBS-ROBERTS,<br><br>                        Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                        Respondent. | Chief Special Master Corcoran<br><br>Filed: December 14, 2022<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Kyle Monroe Moore*, Law Office of Kyle Moore, Atlanta GA, for Petitioner.

*Rachelle Bishop*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On April 19, 2021, Tina Michelle Grubbs-Roberts filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") caused by an influenza vaccination she received on August 27, 2019. Petition at 1. Petitioner further alleges that her shoulder injury has persisted longer than six months. Petition at ¶34. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 13, 2022, Respondent filed a Rule 4(c) Report and Proffer on Damages ("Rule 4/Proffer"). ECF No. 30. On December 14, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a left SIRVA. ECF No. 31. Respondent's Rule 4/Proffer indicates that Petitioner should be awarded $115,000.00.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Rule 4/Proffer at 7. In the Rule 4/Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Rule 4/Proffer, **I award Petitioner a lump sum payment of $115,000.00 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> **s/Brian H. Corcoran**
> Brian H. Corcoran
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.