# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1238V
(not to be published)

| | |
|---|---|
| TINA MICHELLE GRUBBS-ROBERTS,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: May 30, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Paralegal Tasks at Attorney Rates |

*Kyle Monroe Moore*, Law Office of Kyle Moore, Atlanta GA, for Petitioner.

*Rachelle Bishop*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On April 19, 2021, Tina Michelle Grubbs-Roberts filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") caused by an influenza vaccine she received on August 27, 2019. Petition at 1. On December 14, 2022, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 32.

Petitioner has now filed a motion for attorney's fees and costs, dated March 8, 2023. ECF No. 36. Petitioner is requesting a total award of $15,789.13 (representing $14,175.00 in fees and $1,614.13 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 36-3. Respondent reacted to the motion on March 9, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 37. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### A. Hourly Rates

Petitioner requests $250 per hour for attorneys Kyle M. Moore and Dustin Davies for all work performed in the 2020-23 period. ECF No. 36-2. Mr. Moore has been a licensed attorney since 2013, placing him in the range of attorneys with 8-10 years' experience, and Mr. Davies has been a licensed attorney since 2012, placing him in the rage of attorneys with 11-19 years' experience based on the OSM Attorney Forum Hourly Rate Schedule.[2] ECF No. 36-1. The requested rates are reasonable and consistent with our prior determinations and will therefore be adopted.

### B. Paralegal Tasks at Attorney Rates

Petitioner's attorneys appear in several instances to have billed for tasks that are considered paralegal in nature but at full attorney rates. Attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Hum. Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Hum. Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Records show over four hours of billing entries that are more properly characterized as paralegal tasks, including requesting medical records, and filing documents. Examples of these entries include (but are not limited to):

- November 12, 2020 (2.00 hrs) "Medical records requests drafted and sent to multiple providers";

- March 1, 2021 (1.00 hrs) "Medical records requests drafted and sent to providers";

---

[2] These rates are derived from the undersigned's application of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at http://www.cofc.uscourts.gov/node/2914

3

- June 21, 2021 (1.00 hrs) "Prepare and file updated medical records, exhibit list, and statement of completion";

- September 28, 2021 (1.00 hrs) "Prepare and file updated medical records, exhibit list, and statement of completion"; and

- February 3, 2022 (0.50 hrs) "Draft and file updated exhibit list, statement of completion, and status report."

(ECF No. 36-2 at 4-5; 10-11).

Although this time may be reimbursed, I will do so at the reduced rate of $150 per hour, reflecting the rate appropriate for a paralegal. This reduces the total fees to be awarded by the amount of **$550.00**.[3]

## ATTORNEY COSTS

Petitioner requests $1,614.13 in overall costs. ECF No. 36-2. This amount is comprised of obtaining medical records, shipping costs, and the Court's filing fee. I have reviewed the requested costs and find them to be reasonable and shall award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. **I award a total of $15,239.13 (representing $13,625.00 in fees and $1,614.13 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Kyle M. Moore.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] This amount consists of ($250 - $150 = $100 x 5.50 hrs = $550.00).

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.